IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GENERAL ACCIDENT INSURANCE :
now known as CGU INSURANCE CO., :
:
    Plaintiff, :
: CIVIL ACTION NO. 1:CV-01-0154
v. :
: Judge Kane
JASON MILLER, :
:
    Defendant. :

**MEMORANDUM AND ORDER**

Pending before the Court are cross-motions for summary judgment. The motions have been briefed and are ripe for disposition.[1] For the reasons discussed below the Court will grant Plaintiff's motion, deny Defendant's motion, and enter judgment accordingly.

**I    Standard of Review**

Federal Rule of Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Williams v. Perry, 907 F.Supp. 838, 842 (M.D. Pa. 1995).

---

[1] The Court notes that Defendant filed his motion for summary judgment thirteen days late. However, even considering that motion as though it had been timely filed, the Court reaches the same result.

1

Certified from the record
Date _1-30-02_
Mary E. D'Andrea, Clerk
Per _____
    Deputy Clerk

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint; instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 371, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Id. at 322.

## II.  Background

On February 25, 2000, Defendant Jason E. Miller ("Miller") was operating his own motor vehicle on Route 11/15 in Marysville Borough, Perry County, Pennsylvania, when a vehicle owned and negligently operated by Dervin F. Kelley ("Kelley") struck him from behind. Miller was injured as a result of this accident. Kelley's vehicle was insured under a policy with Progressive Insurance Company ("Progressive"). Kelley's policy provided liability coverage up to $15,000 per person. Miller's vehicle was insured under a policy with Plaintiff General Accident Insurance, now known as CGU Insurance Co. ("CGU"). Miller's policy provided underinsured motorist ("UIM") benefits up to $15,000 per person.

Progressive paid Miller the policy limit of $15,000. Additionally, Miller received the maximum $15,000 of UIM benefits from his own policy with CGU. After exhausting these resources Miller then sought UIM benefits under his mother's policy. Miller's mother, Martha Miller, ("Ms. Miller") has an automobile insurance policy with CGU, policy number RPA 1331558 07 01 0002. This policy provides UIM benefits up to $100,000 per person. At the time of the accident Miller resided with Ms. Miller. Ms. Miller's UIM policy insured any "family

2

member" but contained the following exclusion language:

> A. We do not provide Underinsured motorists coverage for "bodily injury" sustained:
>
> . . .
>
> 2. "By a family member:"
>
> a. Who owns an auto while "occupying" or when struck by any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

### III.   Discussion

The issue before this Court is whether or not the UIM exclusion quoted above, commonly known as a "household" or "family" exclusion, is valid and enforceable under the circumstances of this case. The UIM policy terms unambiguously exclude coverage in the situation before this Court. However, the heart of Miller's claim rests not with the language of the exclusion but instead, with the invalidity of the exclusion on public policy grounds. In answering this question the Court must decide how the Pennsylvania Supreme Court would rule on this issue if presented with the same facts. See 2-J Corp. v. Tice, 126 F.3d 539, 541 (3d Circ. 1997).

The Pennsylvania Supreme Court has held that the "household" exclusion does not violate public policy in three particular situations. First, the exclusion does not violate public policy when the insured seeks to convert UIM coverage into liability coverage. Paylor v. Hartford Ins. Co., 640 A.2d 1234 (Pa. 1994) (in an accident resulting from the husband's negligence the wife's estate was denied UIM benefits under a second policy held by the husband and wife which covered different vehicles). Second, the exclusion does not violate public policy when the non-negligent driver seeking UIM benefits failed to insure his or her own vehicle. Windrim v. National Ins. Co., 641 A.2d 1154 (Pa. 1994) (driver of uninsured vehicle was denied UIM benefits under his mother's policy). Third, the exclusion does not violate public policy

3

when the driver seeking UIM benefits insured his or her own vehicle but waived UIM coverage. Eichelman v. Nationwide Ins. Co., 711 A.2d 1006 (Pa. 1998) (driver who waived UIM coverage on his own vehicle was denied UIM benefits under his mother's policy).

Federal courts interpreting the above Pennsylvania law have included a fourth situation under which the exclusion does not violate public policy: when the driver seeking UIM benefits insured his or her own vehicle but failed to obtain adequate UIM coverage. See Brooks v. Traveler's Prop. Casualty Corp., No. 1:CV-99-2259 (M.D. Pa. Feb. 5, 2001) (Kane, J.) (driver who collected the maximum UIM benefits under her motorcycle policy was denied benefits under a second policy covering a different vehicle), aff'd, 278 F.3d 33 (3d Cir. 2001); Nationwide Mutual Ins. Co., v. Ridder, 105 F. Supp. 2d 434 (E.D. Pa. 2000) (driver who collected the maximum UIM benefits under his motorcycle was denied benefits under a second policy covering a different vehicle); Troebs v. Nationwide Ins. Co., No.98-CV-3556, 1999 U.S. Dist. LEXIS 508 (E.D. Pa. Jan. 20, 1999) (driver who collected the maximum UIM benefits under his own policy was denied benefits from his father's policy). The facts of this case clearly fall under this line of cases. Miller contracted for insurance with a UIM limit of $15,000 and, after exhausting the available benefits under that policy, he now seeks to recover benefits under Ms. Miller's policy containing a $100,000 UIM limit.

This Court notes that at least one lower Pennsylvania court has voided the household exclusion on similar facts. See Prudential Prop. & Cas. Ins. Co. v. O'Donnell, 52 Pa. D. & C.4th 117, (Pa. Ct. Com. Pl. 2001). However, "the State's highest court is the best authority on its own law." McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 661 (3d. Cir. 1980). The Pennsylvania Supreme Court has routinely upheld the "household" exclusion and this Court sees no reason to do otherwise on the facts of this case. See Paylor, 640 A.2d 1234; Windrim, 641

A.2d 1154; <u>Eichelman</u>, 711 A.2d 1006. Therefore, the Court will grant Plaintiff's motion for summary judgment and deny defendant's motion for summary judgement..

## IV.  Order

AND NOW, therefore, **IT IS ORDERED THAT:**

1. Plaintiff's motion for summary judgment is **GRANTED.**

2. Defendant's motion for summary judgment is **DENIED.**

3. Judgment shall be entered for Plaintiff and against Defendant.

4. This Court finds, determines, and holds that Plaintiff General Accident Insurance, now known as CGU Insurance Co. has no legal obligation to provide underinsured motorist benefits to Defendant Jason E. Miller under CGU policy number RPA 1331558 07 01 0002 for the February 25, 2000 motor vehicle accident.

5. The Clerk of Court shall close the file.

_____
Yvette Kane
United States District Judge

Dated: January 29th, 2002

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 29, 2002

Re:  1:01-cv-00154    General Accident Ins v. Miller

True and correct copies of the attached were mailed by the clerk
to the following:

    Stephen E. Geduldig, Esq.
    Thomas, Thomas & Hafer
    P.O. Box 999
    305 N. Front St.
    Harrisburg, PA   17108

    Michele J. Thorp, Esq.
    Thomas, Thomas & Hafer, LLP
    717-237-7105
    305 North Front Street
    P. O. Box 999
    Harrisburg, PA   17108

    David L. Lutz, Esq.
    4503 N. Front Street
    Harrisburg, PA   17110

```
cc:
Judge                          (✓)              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  (✓)
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen ( )
                                        DA of County ( )    Respondents ( )
```

1-30-02